# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESLIE MCNAIR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13299** |
| **SPRINT COMMUNICATIONS COMPANY, L.P.** | **SECTION "L" (3)** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand. R. Doc. 10. The motion is opposed. R. Doc. 13. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

### I. BACKGROUND

This case arises from the alleged breach of an employment contract. R. Doc. 1-1. Plaintiff filed a brief petition in state court, alleging that Plaintiff was employed by Sprint United Management Company (erroneously named and sued as Sprint Communications Company, L.P.) as a manager of the company's retail store in Jefferson Parish, Louisiana. R. Doc. 1-1 ¶ 2, 4. Plaintiff alleges that under her employment contract, "Defendant had a duty to provide employment for [Plaintiff]." R. Doc. 1-1 ¶ 6. Plaintiff contends Defendant breached this contract by terminating her employment "without cause, notice, or justification" in September 2017. R. Doc. 1-1 ¶ 7. Plaintiff alleges she suffered damages, including loss of income, loss of opportunity, and other costs, as a result. R. Doc. 1-1 ¶ 8.

Defendant timely removed the matter to federal court on the basis of diversity jurisdiction. R. Doc. 1. According to the Notice of Removal, Plaintiff is a citizen of Louisiana and Defendant, a corporation organized under Kansas law with its principal place of business in Kansas, is a citizen

of Kansas for jurisdictional purposes.[1] R. Doc. 1 ¶ 7, 8. Further, Defendant explains that the amount in controversy exceeds $75,000 because Plaintiff seeks compensation for lost income, among other damages. Defendant contends that Plaintiff was earning $69,368.98 per year at the time she was terminated, so an award of back pay from the time of termination to the filing of the instant lawsuit would alone exceed the jurisdictional amount.[2] R. Doc. 1 ¶ 14.

## II. PENDING MOTION

Plaintiff has filed a motion to remand. R. Doc. 10. In the motion, Plaintiff purports to stipulate that the amount in controversy does not exceed $74,999.99, exclusive of interest and costs. R. Doc. 10 ¶ IV. Plaintiff further explains that she has filed for leave to amend her petition in order to name Duana Jordan, a Louisiana citizen and the District Manager of the retail store, as an additional, non-diverse defendant, thereby "plead[ing] elements demonstrating a lack of diversity jurisdiction by the federal courts of the United States." R. Doc. 10 ¶ IV. Her motion to amend is currently pending in state court where the matter is set for a hearing on Wednesday, January 29, 2020 at 9:00 a.m. R. Doc. 10-3 at 3.

Defendant opposes the motion. R. Doc. 13. Defendant argues that Plaintiff's post-removal efforts to destroy diversity jurisdiction by stipulating to an amount in controversy below $75,000 and adding a non-diverse defendant are ineffective because jurisdiction is determined at the time of removal. R. Doc. 13 at 1. Defendant also argues that the state court lacks jurisdiction to allow

---

[1] Defendant explains that Plaintiff erroneously sued Sprint Communications Company, L.P. in place of Sprint United Management Company. Nevertheless, Defendant explains that originally named Defendant Sprint Communications Company, L.P., is a citizen of Kansas. R. Doc. 1-3 ¶ 8. Defendant states that Sprint Communications Company L.P. is a limited liability corporation, but this characterization is contradicted both by the entity's legal name and by the declaration of Stefan Schnopp, the Secretary of Sprint Communications, Inc., who provided a declaration explaining the company's corporate structure. Mr. Schnopp declared that "Sprint Communications Company L.P. is a limited partnership." R. Doc. 1-3 ¶ 2. Accordingly, the Court analyzes Sprint Communications Company L.P.'s citizenship under the laws for limited partnerships and determines that Defendant's conclusion is correct despite the naming error.

[2] According to Defendant's calculations, the amount in controversy considering back pay alone involves approximately $150,743 ($1,334 per week for 113 weeks).

2

Plaintiff to amend her petition and that even if Plaintiff *could* do so, diversity jurisdiction would not be destroyed because joinder of the non-diverse defendant would be fraudulent. R. Doc. 13 at 6.

III. **LAW & ANALYSIS**

A. **Motion to Remand**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This Court "may not exercise that jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Because removal jurisdiction "raises significant federalism concerns," *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), it is strictly construed and doubts regarding removal jurisdiction should be resolved against federal jurisdiction, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Federal courts have original jurisdiction over matters involving state law claims when the parties are completely diverse and when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity exists when no plaintiff shares a state of citizenship with any defendant. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). A case may be removed on the basis of diversity jurisdiction if, when the case was originally, the parties were diverse and the jurisdictional amount was satisfied.

B. **Discussion**

In Louisiana state court, plaintiffs are prohibited from pleading specific dollar amounts of damages in their petitions for relief. La. Code Civ. Proc. art. 893. When a complaint or petition contains no specific amount of damages, defendants seeking removal to federal court must establish the requisite amount in controversy by a preponderance of the evidence. *Allen v. R & H*

*Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Defendants may establish the amount in controversy in one of two ways: 1) by demonstrating that it is facially apparent that the claims exceed $75,000, or 2) "by setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). Accordingly, if it is not facially apparent that the claims exceed $75,000, a court may consider "'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Allen*, 63 F.3d at 1335). If a defendant satisfies this burden, the plaintiff must then prove "to a legal certainty" that the claim involves less than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Defendant's notice of removal sufficiently demonstrates that the jurisdictional amount is satisfied. As Defendant explains, Plaintiff seeks to recover damages for "loss of income, loss of opportunity, and costs associated with her termination." R. Doc. 1-1 at 2. Defendant contends that at the time of her termination on August 25, 2017, Plaintiff was making $69,368.98 per year, or $1,334.01 per week. R. Doc. 1 ¶ 14. This figure is supported by the declaration of Stefan K. Schnopp, Secretary for Sprint Communications, Inc., and has not been challenged by Plaintiff. R. Doc. 1-3 ¶ 3. Accordingly, any claim for "loss of income" from the time of termination through the filing of the notice of removal involves at least $150,742.00.[3] Defendant explains this is a "conservative[] estimate" because it does not include potential future wages or other damages. R. Doc. 1 ¶ 15. Plaintiff has not challenged this valuation of her salary, but instead "stipulates that the amount in controversy does not exceed $74,999.99." R. Doc. 10 ¶ IV.

---

[3] Plaintiff was terminated on August 25, 2017, and her lawsuit was filed on September 30, 2019. R. Doc. 1-1 at 4. The notice of removal was filed on October 28, 2019, 113 weeks after the incident giving rise to the suit. Accordingly, plaintiff's loss of income claim involves at least $1,334.01 for 113 weeks, or $150,743.13.

4

"Once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Post-removal stipulations or affidavits may only be considered if the amount in controversy is ambiguous at the time of removal. *Id.* A plaintiff may file a stipulation to clarify the amount in controversy that existed at the time of removal, but not to voluntarily reduce the amount in controversy below the jurisdictional minimum after the fact. *See id.*; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.").

In light of the evidence presented by Defendant, the Court does not find the damages requested in Plaintiff's petition to be ambiguous. Plaintiff clearly seeks damages for loss of income, which Defendant has demonstrated involves over $150,000.00, well in excess of the jurisdictional minimum. Plaintiff has offered no evidence to challenge the accuracy of this assessment. Accordingly, Plaintiff's post-removal attempt to contradict her petition and artificially reduce the value of her claim cannot deprive this Court of jurisdiction. Additionally, the stipulation is formally deficient because it appears not in a separately filed document, but in Plaintiff's motion to remand. The motion is signed by Plaintiff's counsel, but not by Plaintiff herself, and critically does not include any language whereby Plaintiff affirmatively waives her right to collect damages in an amount greater than $75,000.00.[4] *See De Aguilar*, 47 F.3d at 1412 (suggesting that stipulations to prevent removal must indicate that plaintiffs are "bound irrevocably" by them). *Compare Engstrom v. L-3 Commc'ns Gov't Servs., Inc.*, No. CIV.A. 04-2971, 2004 WL 2984329,

---

[4] As noted above, Plaintiffs purported stipulation appears in her motion to remand, in which she states "[T]he Plaintiff, Leslie McNair . . . stipulates that the amount in controversy does not exceed $74,999.99, exclusive of interest and costs." R. Doc. 10 ¶ IV (footnote omitted). The Court is not aware of any other stipulations or sworn affidavits that include the required provisions.

5

at *5 (E.D. La. Dec. 23, 2004) (granting remand based on a stipulation in which each plaintiff "affirmatively and knowingly waives entitlement to any damages" exceeding the jurisdictional amount), *with Crosby v. Lassen Canyon Nursery, Inc.*, No. CIV.A. 02-2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003) (denying remand when plaintiffs' stipulation did not affirmatively state that "they would not accept more than $75,000 if a state court awarded it"). Accordingly, Plaintiff's purported stipulation does not reduce the amount in controversy to an amount that divests this Court of jurisdiction.

Having found that the amount in controversy exceeds the jurisdictional minimum, the Court must consider whether diversity of citizenship exists. Plaintiff argues that diversity does not exist because she has requested leave to amend her state court petition by adding a non-diverse defendant to the case. R. Doc. 10 ¶ 4. Plaintiff's argument is meritless, as her motion was filed almost a month after removal was effective. R. Doc. 10-3. It is patently clear that "the removal of a case from state court to federal court ends the power of the state court to act. . . . The jurisdiction of the state court is not restored unless and until the federal court remands the case." *E. D. Sys. Corp. v. Sw. Bell Tel. Co.*, 674 F.2d 453, 458 (5th Cir. 1982) (citing *National Steam-Ship Co. v. Tugman*, 106 U.S. 118, 1 (1882) and *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir.), *cert. denied*, 355 U.S. 842 (1957)). Accordingly, Plaintiff's motion is pending before the wrong court, and this Court may not consider it in this jurisdictional analysis. The Court declines to consider Defendant's argument that the joinder of the non-diverse defendant would be fraudulent. Plaintiff is free to seek leave to amend her petition in federal court, at which time Defendant may raise objections to the joinder. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999) (holding that the fraudulent joinder doctrine is inapplicable post-removal because, when a defendant is joined after

removal, "the defendants have a chance to argue against joinder before the court grants leave to amend").

IV.   **CONCLUSION**

Having found that the amount in controversy exceeds $75,000 despite Plaintiff's purported post-removal stipulation and that Plaintiff's attempt in state court to join a non-diverse defendant does not destroy diversity, the Court concludes that it has subject matter jurisdiction over this case. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 10, is **DENIED**.

New Orleans, Louisiana, this  18th  day of    December   , 2019.

                                                Eldon E. Fallon
                                      United States District Judge